UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.   6:12-cv-485-ORL

LAND TITLE GUARANTEE COMPANY,

      Plaintiff,

vs.

THOMAS M. DOWNS and KIMBERLY
DIANE DOWNS,

      Defendant.

_____/

### DEFEDANTS' MOTION TO QUASH SERVICE OF PROCESS AND SUPPORTING MEMORANDUM OF LAW

Defendants, THOMAS M. DOWNS and KIMBERLY DIANE DOWNS, by and through their specially appearing counsel, file this motion to quash service of process for insufficient service, as authorized by Federal Rules of Civil Procedure 12(b)(5).

### A.   Introduction

1.    Plaintiff is Land Title Guarantee Company; Defendants are Thomas M. Downs and Kimberly Diane Downs.

2.    The Court lacks personal jurisdiction over Defendants due to lack of service of initial process.

3.    The documents filed in this case, which purportedly Plaintiff intends to serve on Defendants, consist of the following:

      A.    Summons

      B.    Complaint

      C.    Plaintiff's Notice of Filing Exhibits to the Complaint

D.      Plaintiff's Emergency Motion for Prejudgment Writ of Garnishment and Prejudgment Writ of Attachment

E.      Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction

F.      Order denying the Emergency Motion for Temporary Restraining Order and Preliminary Injunction "insofar as it seeks entry of a temporary restraining order without notice to Defendants," reserving as to the other relief requested, and scheduling a hearing on the Emergency Motions for April 13, 2012.

4.      The Order required Plaintiff to serve Defendants with all of the suit papers on or before Monday, April 2, 2012, at 5:00 p.m.

5.      Defendants were not served with process by Monday, April 2, 2012, at 5:00 p.m., as required by the Order.

6.      To date, Defendants have not been served with process.

7.      The undersigned is aware of these proceedings only because Plaintiff's attorney informed him that the case was filed, and he provided the undersigned with the filed documents via email, with a request that the undersigned accept service of process for Defendants.

8.      The undersigned was hired by Defendants to try to resolve this matter short of litigation.   In the midst of the parties' discussions, Plaintiff filed suit and attempted to obtain ex parte prejudgment relief for garnishment, attachment, restraining order and injunction comes as a shock to Defendants.   The issues Defendants will be facing are now exponentially more than what they were dealing with just last week.   The undersigned has not been authorized by Defendants to accept service of process or make a general appearance for them in this action.

2

9.      Since Defendants have not been served with initial process, service of process was non-existent or insufficient; therefore, the Court should quash service of process and either withdraw its Order, or modify it with a new response deadline and hearing date based on the date that Defendants are actually served.

## **B.   Argument**

10.      The purposes of service of process are (1) to give the court jurisdiction over the defendant, (2) to satisfy due-process requirements by giving the defendant notice of the suit, and (3) to give the defendant the opportunity to defend itself.   *See* Henderson v. U.S., 517 U.S. 654, 672 (1996); Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).

11.      "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."   Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir.1990).

12.      Judgment cannot be rendered against a defendant unless the defendant has been served with process, has accepted or waived service, or has entered an appearance.   Without valid service of process, the court does not obtain personal jurisdiction over the defendant.   Omni, 484 U.S. at 104.

13.      Where defendants actually receive the complaint and summons, actual notice of a suit does not dispose of the requirements of service of process. *See* Manufacturers Hanover Trust Co. v. Ponsoldt, 51 F.3d 938, 940 (11th Cir.1995).

14.      When service of process is insufficient, a court may dismiss the suit or quash the service.   Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries, 353 F.3d 916, 925 (11th Cir. 2003); FRCP 12(b)(5).

15.     "Rule 4(e)…allows for service pursuant to the law of the state in which the district court is located. Florida law provides for service by methods included in the Federal Rules." Jackson v. Warden, FCC Coleman-USP, not reported in 259 Fed.Appx. 181, 182, n. 2 (11th Cir. 2007).  Consequently, Florida's service of process statutes and the cases interpreting them are relevant to the issue of whether this Court has jurisdiction over Defendants.

16.     Under Florida law, "[s]ervice of original process is made *by delivering a copy of it to the person to be served* with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies *at his or her usual place of abode* with any person residing therein who is 15 years of age or older and informing the person of their contents."  § 48.031, Fla. Stat. (emphasis added).

17.     "[T]he "burden of proof to sustain the validity of service of process is upon the person who seeks to invoke the jurisdiction of the court," i.e., the plaintiff, not the defendant." Green v. Jorgensen,   56 So.3d 794, 798 (Fla. 1st DCA 2011) (*quoting*   Thompson v. State, Dep't of Revenue, 867 So.2d 603, 605 (Fla. 1st DCA 2004)).

18.     As service of process was improper and ineffective, the court lacks personal jurisdiction over Defendants.

> Strict compliance with the statutes governing service of process is required. *See, e.g.*, Sierra Holding, Inc. v. Inn Keepers Supply Co., 464 So.2d 652 (Fla. 4th DCA 1985); Baraban v. Sussman, 439 So.2d 1046 (Fla. 4th DCA 1983). Where the court's in personam jurisdiction is dependent upon service of process, the court lacks jurisdiction when the service is insufficient. *See* Cohen v. Drucker, 677 So.2d 953 (Fla. 4th DCA 1996); Moschetta v. Atlantic Nat'l Bank of Broward, 540 So.2d 166 (Fla. 4th DCA 1989).

Schupak,   710 So.2d at 708.

> At the outset, we note that proper service of process is indispensable

to the jurisdiction of a court to adjudge the competing claims of parties to a litigation. *See, e. g.*, <u>Bussey v. Legislative Auditing Committee</u>, 298 So.2d 219 (Fla. 1st DCA 1974); and <u>Hayes v. Greenwold</u>, 149 So.2d 586 (Fla. 3d DCA 1963). Further, to achieve proper service of process, there must be strict compliance with the applicable statute. *See, e. g.*, <u>Exchange National Bank of Chicago v. Rotocast Plastic Products, Inc.</u>, 341 So.2d 787 (Fla. 3d DCA 1977); and <u>Ludlum Enterprises, Inc. v. Outdoor Media, Inc.</u>, 250 So.2d 649 (Fla. 4th DCA 1971).

<u>MAC Organization, Inc. v. Harry Rich Corp.</u>,   374 So.2d 81, 82 (Fla. 3d DCA1979).

Appellant contends that the manner of service was improper as a matter of law. We agree. It is well established in Florida that:

> The object to be accomplished by service of process is to advise the defendant that an action has been commenced against him and warn him that he must appear within a certain time and at a certain place to make such a defense as he has. Jurisdiction is perfected by the proper service of sufficient process. Chapter 48, Florida Statutes, regulates process and service of process. These statutes governing service of process are to be strictly construed to insure that a defendant receives notice of the proceedings. The burden of proving the validity of service of process is on the plaintiff.

<u>Abbate v. Provident Nat'l Bank</u>, 631 So.2d 312, 313 (Fla. 5th DCA 1994) (citations omitted). "A judgment entered without due service of process is void." <u>Falkner v. Amerifirst Fed. Savs. & Loan Ass'n</u>, 489 So.2d 758, 759 (Fla. 3d DCA 1986).

<u>Carter v. Lil' Joe Records, Inc.</u>,   829 So.2d 953, 954 (Fla. 4th DCA 2002).

19.    A defendant has the right to be properly served with initial service of process. *See* <u>Russell v. Zulla</u>, 556 So.2d 1241 (Fla. 5th DCA 1990) (defendant did not waive his right to be properly served).

20.    Only the defendant can waive service of process; no one else is authorized to waive service of process on behalf of a defendant.   *See* <u>Anthony v. Gary J. Rotella & Associates, P.A.</u>,

906 So.2d 1205, (Fla. 4th DCA 2005) (explaining how a defendant can waive service of process, and holding that service of process was not waived where there was no evidence that co-worker was authorized to accept service on behalf of defendant).

21.   Delivery of the suit papers by email to a party's attorney who has not been authorized to accept service of process for defendants does not satisfy the requirement of personal service in FRCP 4.

22.   Even if an attorney who actually represents a defendant files a notice of appearance, that is not sufficient to waive personal jurisdiction.   "Filing a notice of appearance by counsel does not constitute a waiver of personal jurisdiction.   Public Gas Co. v. Weatherhead Co., 409 So.2d 1026, 1027 (Fla.1982)."   Mason v. Hunton,   816 So.2d 234, 235 (Fla. 5th DCA 2002).

23.   This Court's Order required Plaintiff to serve Defendants with all of the suit papers on or before Monday, April 2, 2012, at 5:00 p.m.

24.   Defendants were not served with process by Monday, April 2, 2012, at 5:00 p.m., as required by the Order.

25.   To date, Defendants have not been served with process.

26.   Even if Plaintiff attempts to present evidence of service, since Plaintiff purports to serve Defendants with papers other than a summons and complaint, service would have to be accomplished in accordance with FRCP 4.1.   "Process—other than a summons under Rule 4 or a subpoena under Rule 45—*must be served by a United States marshal or a deputy marshal or by a person appointed for that purpose*….Proof of service must be made under Rule 4(l)."   FRCP 4.1(a) (emphasis added).

27.    "Unless these rules provide otherwise, each of the following papers must be served on every party:   (A) an order stating that service is required….(D) a written motion, except one that may be heard ex parte."   FRCP5(a)(1).

28.    This Court's Order states that service is required, so it has to be served.

29.    Although Plaintiff attempted to have its motions heard ex parte, this Court declined to hear them ex parte and specifically required that Defendants be served and given the opportunity to be heard.   Therefore, these motions also have to be served on Defendants. The Order also requires this.

30.    As the language of FRCP 4.1 is mandatory, these documents "must be served by a United States marshal or a deputy marshal or by a person appointed for that purpose."   FRCP 4.1.

31.    Since Defendants have not been served with process, this Court lacks personal jurisdiction over Defendants.

32.    By insisting that the response and hearing called for in the Order still apply despite the lack of service and jurisdiction, Plaintiff is unnecessarily causing Defendants to have to file this motion, and is unnecessarily causing the Court to expend its time and resources to deal with a matter over it does not have jurisdiction.

33.    As this is a special appearance to contest jurisdiction, Defendants do not at this time raise any issues, responses or defenses related to the merits of the case so as not to waive their jurisdictional arguments.   Rather, Defendants reserve such issues for a later date when the Court has ruled on this Motion and when Plaintiff ultimately does properly serve Defendants.

## C.   Conclusion

34.     Because Defendants have not been served with process, the Court lacks personal jurisdiction over Defendants, and the Defendants should not be required to respond to the motions or the complaint or for their counsel to appear at any hearings on the merits until a reasonable time after proper service has been obtained on Defendants.   A reasonable time should be no less than the time periods provided in the Court's Order, i.e., four (4) business days from the date of actual service on Defendants, with the hearing no less than eleven (11) days after the date of service.

## D.   Certification

35.     The undersigned specially appearing counsel, in accordance with Rules 3.01(g) and Fed.R.Civ.P. 26(c), hereby certifies that he has, in good faith, conferred with opposing counsel and they have been unable to agree on the resolution of this motion.

## E.   Notice that Office will be Closed on April 6, 2012

36.     The undersigned hereby notifies the Court and again notifies Plaintiff's counsel that the offices of the undersigned will be closed on Friday, April 6, 2012, for Good Friday, and that no attorneys or staff will be in the office that day.   The undersigned further states that his children are off from school and that he needs to be with them that day.   The undersigned will not have access to his office telephone, fax machine or email.   However, he has provided Plaintiff's counsel with his cell phone number if he needs to contact the undersigned.

**WHEREFORE**, Defendants pray that this Court enter an order:

(A) determining that Defendants have not been served with process and that this Court lacks personal jurisdiction over Defendants;

(B) withdrawing its prior order or replacing it with an order that gives Defendants four (4) business days from the date of actual service on Defendants, with the hearing no less than eleven (11) days after the date of service on Defendants;

(C) imposing sanctions on Plaintiff for unnecessarily causing Defendants to have to file this motion, and unnecessarily causing the Court to expend its time and resources to deal with a matter over it does not have jurisdiction; and

(D) awarding such other relief as is proper.

April 5, 2012                              /s/ Michael S. Dujovne
Date                                         Volk Law Offices, P.A.
David J. Volk, Esq.
Florida Bar #0712949
Email: dvolk@volklawoffices.com
Michael S. Dujovne, Esq.
Florida Bar #0898368
Email:   mdujovne@volklawoffices.com
700 S. Babcock Street, Suite 402
Melbourne, Florida 32901
Telephone: (321) 726-8338
Facsimile: (321) 726-8377

Counsels of Record for Defendants

9

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on April 5, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.   I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

VOLK LAW OFFICES, P.A.

By: /s/ Michael S. Dujovne

David J. Volk, Esq.
Florida Bar #0712949
Email: dvolk@volklawoffices.com
Michael S. Dujovne, Esq.
Florida Bar #0898368
Email:   mdujovne@volklawoffices.com
700 S. Babcock Street, Suite 402
Melbourne, Florida 32901
Telephone: (321) 726-8338
Facsimile: (321) 726-8377

10

**SERVICE LIST**

Michael S. Dujovne, Esq.
Volk Law Offices, P.A.
700 S. Babcock St., Suite 402
Melbourne, FL 32901
(321) 726-8338 tel.
(321) 726-8377 fax
mdujovne@volklawoffices.com
Attorney for Defendants

David J. Volk, Esq.
Volk Law Offices, P.A.
700 S. Babcock St., Suite 402
Melbourne, FL 32901
(321) 726-8338 tel.
(321) 726-8377 fax
dvolk@volklawoffices.com
Attorney for Defendants

David E. Canella, Esq.
Carlton Fields, P.A.
450 S. Orange Avenue, Suite 500
Orlando, Florida   32801
(407) 849-0300
(407) 648-9099
dcannela@cartltonfields.com
Attorney for Plaintiff

Steven J. Brodie, Esq.
Carlton Fields, P.A.
100 Southeast Second Street, Suite 4200
Miami, Florida   33131
(305) 530-0050
(305) 530-0055
sbrodie@carltonfields.com
Attorney for Plaintiff

Aaron S. Weiss, Esq.
Carlton Fields, P.A.
100 Southeast Second Street, Suite 4200
Miami, Florida   33131
(305) 530-0050
(305) 530-0055

11

aweiss@carltonfields.com
Attorney for Plaintiff