**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LAND TITLE GUARANTEE COMPANY,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No. 6:12-cv-485-Orl-28GJK**

**THOMAS M. DOWNS and KIMBERLY DIANE DOWNS,**

        **Defendants.**
_____

# ORDER

The facts of this case are disturbing. Defendants–Thomas M. Downs, a sophisticated and experienced real estate developer, and his wife, Kimberly Diane Downs–sold their Colorado vacation home, (Griffiths Aff., Doc. 3-1, ¶ 6), and at the time of closing there was an outstanding mortgage on the property of $2,006,194.77, (id. ¶ 9). That amount should have been paid to the mortgagee out of the purchase price in order to satisfy the mortgage. Plaintiff–Land Title Guarantee Company ("Land Title"), the closing agent—however, erroneously paid Defendants the full net proceeds of the sale in the amount of $2,521,341.63 without paying off the mortgage on the property. (Id. ¶ 10). To satisfy the debt owed, Land Title then paid the mortgagee the $2,006,194.77 balance due and now wants Defendants to return the funds that they mistakenly received. Although Defendants do not–and apparently cannot–assert even a marginally credible claim to the $2,006,194.77, they refuse to return it to Land Title, stating that they have invested the funds.

Land Title has moved for a preliminary injunction, a writ of garnishment pursuant to section 77.301, Florida Statutes, and a writ of attachment pursuant to sections 76.09 and 76.04, Florida Statutes.[1]  A hearing was held on April 13, 2012.  Unfortunately, the law prohibits the Court from issuing any prejudgment relief, even though the relief sought appears to be justified.

## I.  Preliminary Injunction

A district court has the authority to provide preliminary relief, including an asset freeze, if the underlying cause of action sounds in equity.  See Levi Strauss & Co. v. Sunrise Int'l Trading Inc., 51 F.3d 982, 986-87 (11th Cir. 1995).  On the other hand, "preliminary injunctive relief freezing a defendant's assets in order to establish a fund with which to satisfy a potential judgment for money damages is simply not an appropriate exercise of a federal district court's authority."  Rosen v. Cascade Int'l, Inc., 21 F.3d 1520, 1530 (11th Cir. 1994).

Land Title's Complaint alleges Unjust Enrichment (Count One), Fraud (Count Two), Conversion (Count Three), Promissory Estoppel (Count Four), and Preliminary and Permanent Injunctive Relief (Count Five).  Land Title asserts that its claims for unjust enrichment and conversion are equitable claims and that therefore injunctive relief is appropriate. Under Florida law, however, "counts for conversion and unjust enrichment [are]

---

[1] Land Title filed an ex parte Emergency Motion for Prejudgment Writ of Garnishment and Prejudgment Writ of Attachment (Doc. 3) and an ex parte Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 4).  The Court denied Land Title's request for ex parte relief and deferred ruling on the other motions. (Doc. 6).  After being served, Defendants filed a Response (Doc. 12) in opposition to Land Title's motions.

both actions at law," at least when the property alleged to have been converted and the benefit conferred unjustly are money. Weinstein v. Aisenberg, 758 So. 2d 705, 707 (Fla. 4th DCA 2000) (Gross, J., concurring); see also M.I. Indus. USA Inc. v. Attorneys' Title Ins. Fund, Inc., 6 So. 3d 627, 629 (Fla. 4th DCA 2009) (dissolving a preliminary injunction that froze defendant's assets because "an action for unjust enrichment is an action at law" and therefore "money damages will suffice to compensate any loss"); Lopez-Ortiz v. Centrust Sav. Bank, 546 So. 2d 1126, 1127 (Fla. 3d DCA 1989) (holding that the plaintiff was not entitled to preliminary injunctive relief because it "brought an action at law for money damages for conversion and stated no ground for equitable relief").  Furthermore, "[a]n action at law does not become an equitable action simply because a request for an injunction has been made." Lopez-Ortiz, 546 So. 2d at 1127.

Accordingly, the Court cannot grant Land Title's request for injunctive relief because its underlying claims do not seek equitable relief; money damages will suffice to compensate Land Title's loss.

## II. Garnishment and Attachment

To obtain a prejudgment writ of garnishment under Florida law, Plaintiff must file:

> a verified motion or affidavit alleging by specific facts the nature of the cause of action; the amount of the debt and that the debt for which the plaintiff sues is just, due, and unpaid; that the garnishment is not sued out to injure either the defendant or the garnishee; and that the plaintiff believes that the defendant will not have in his or her possession, after execution is issued, tangible or intangible property in this state and in the county in which the action is pending on which a levy can be made sufficient to satisfy the plaintiff's claim.

§ 77.031, Fla. Stat. If a prejudgment writ of garnishment is contested, however, the Plaintiff must prove the grounds upon which the request for the writ is based. See § 77.07(1), Fla. Stat.

In order to obtain a prejudgment writ of attachment in Florida, the Plaintiff must file a verified motion stating "the amount of the debt that is actually due, and that movant has reason to believe in the existence of one or more of the special grounds" provided in section 76.04, Florida Statutes. § 76.09, Fla. Stat. The special ground alleged in this case is that Land Title believes that Defendants "[w]ill fraudulently part with the property before judgment can be obtained against him or her." § 76.04(1), Fla. Stat. "In addition to these statutory requirements, the due process clause of the United States Constitution forbids the issuance of a prejudgment writ based on the plaintiff's conclusory allegations that he or she believes one of the statutory grounds exists." Frasher v. Fox Distrib. of Sw. Fla., Inc., 813 So. 2d 1017, 1019-20 (Fla. 2d DCA 2002) (citing Unique Caterers, Inc. v. Rudy's Farm Co., 338 So. 2d 1067, 1071 (Fla. 1976)).

The only evidence submitted in support of Land Title's motion is the affidavit of Peter J. Griffiths, the Vice President and Counsel for Land Title (Doc. 3-1). In his affidavit, Mr. Griffiths recites the factual background of this case and asserts that "Land Title is not aware that [Defendants] will have in their possession, after execution is issued, tangible or intangible property within this Court's jurisdiction on which a levy can be made sufficient to satisfy the claim." (Griffiths Aff. ¶ 21). A lack of knowledge regarding Defendants' funds is not sufficient to meet Land Title's burden of showing that Defendants will not have sufficient funds to satisfy a judgment against them. Moreover, Land Title has only provided conclusory

allegations regarding Defendants' propensity to fraudulently part with their property. Accordingly, Land Title has not met its burden and the Court cannot grant either a writ of garnishment or a writ of attachment at this time.

### III. Conclusion

It is very troubling to the Court that this case has proceeded this far. As stated earlier, Defendants have not asserted any lawful claim to the money that Land Title inadvertently distributed to them, and therefore it is baffling that Defendants would continue to waste time and resources fighting to keep money that does not belong to them. Unfortunately, as discussed, the law does not permit the Court to grant Land Title relief at this stage of the case. Accordingly, Land Title's Motion for Prejudgment Writ of Garnishment and Prejudgment Writ of Attachment (Doc. 3) and its Motion for Preliminary Injunction (Doc. 4) are **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 17th day of April, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record